UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:15-cv-301-RJC
(3:12-cr-61-RJC-1)

| | |
|---|---|
| **RONNIE DAKOTA COVINGTON,** ) | |
| ) | |
| **Petitioner,** ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Respondent.** ) | |
| ) | |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255, (Doc. No. 1).

## I.   BACKGROUND

On July 23, 2011, a confidential informant ("CI") working with the Monroe Police Department contacted Petitioner Ronnie Dakota Covington to buy drugs. (Crim. Case No. 3:12-cr-61-RJC-1, Doc. No. 28 at ¶ 8: PSR). Petitioner agreed to meet with the CI at a carwash to sell the CI crack cocaine. (Id.). When Petitioner arrived, he left his vehicle and approached the CI. (Id. at ¶ 9). Officers with the Monroe Police Department then activated the lights on their vehicles, and Petitioner tried to run away. (Id. at ¶ 8). Detective McAllister chased Petitioner, who threw something outside of a carwash bay. (Id.). Petitioner was apprehended, and officers found a bag of crack cocaine where Petitioner had thrown the object earlier. (Id.). Additional crack cocaine, a firearm, and ammunition were found in the car Petitioner had been driving. (Id. at ¶ 9).

Petitioner was indicted for two counts of possession with intent to distribute cocaine base in violation of 21 U.S.C. §§ 841(a), (b)(1)(C) (Count One charged the cocaine found on the

1

ground; Count Two charged the cocaine found in the car); using and carrying a firearm in furtherance of a drug-trafficking offense in violation of 18 U.S.C. § 924(c) (Count Three); and being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e) (Count Four). (Id., Doc. No. 1: Indictment). Petitioner pleaded guilty to Counts One and Two of the Indictment, in exchange for the Government dismissing the other two counts. (Id., Doc. No. 21 at ¶¶ 1; 2: Plea Agrmt.). Petitioner admitted that he possessed 4.1 grams of cocaine base (the amount in the bag thrown near the carwash bay) and an additional .8 grams of cocaine base (the amount found in the car), with the intent to distribute. (Id., Doc. No. 20: Factual Resume).

As part of the plea agreement, Petitioner waived the right to challenge his conviction or sentence on direct appeal or in any post-conviction proceeding, except as to claims of ineffective assistance of counsel or prosecutorial misconduct. (Id., Doc. No. 21 at ¶¶ 18-19: Plea Agrmt.). In return for Petitioner's compliance with the plea agreement, the Government agreed to withdraw its 21 U.S.C. § 851 information regarding Petitioner's prior felony drug conviction. (Id. at ¶ 4). Petitioner signed his plea agreement on July 19, 2012, and he pleaded guilty on July 31, 2012. (Id., Doc. No. 21; Doc. No. 22: Acceptance and Entry of Plea).

The probation officer issued a presentence report ("PSR"), recommending a base offense level of 16 and a two-level upward adjustment for possession of a dangerous weapon, which resulted in an adjusted offense level of 18. (Id., Doc. No. 28 at ¶¶ 18-19; 23). However, because Petitioner was a career offender, the probation officer applied offense level 34. (Id. at ¶ 24). Allowing a three-level reduction for acceptance of responsibility, Petitioner's total offense level was 31. (Id. at ¶¶ 25-27). Petitioner's criminal history category was VI, even before application of the career offender enhancement. (Id. at ¶ 46). This resulted in a guidelines range of 188 to 235 months of imprisonment. (Id. at ¶ 93). However, in light of the Government's agreement to

withdraw the § 851 notice, the base offense level was lowered to 32, and the total offense level was lowered to 29, which resulted in a guidelines range of 151 to 188 months of imprisonment. (Id. at ¶ 94).

On November 6, 2013, this Court sentenced Petitioner to 151 months of imprisonment. (Id., Doc. No. 34: Judgment). Petitioner appealed, and the Fourth Circuit affirmed, specifically finding that Petitioner was properly classified as a career offender. See United States v. Covington, 583 F. App'x 263 (4th Cir. 2014). Petitioner timely filed the present § 2255 motion on July 7, 2015. In the petition, Petitioner brings two claims of ineffective assistance of counsel and a claim of prosecutorial misconduct.

## II. STANDARD OF REVIEW

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that Petitioner's claims can be resolved without an evidentiary hearing based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

**A. Petitioner's Claims of Ineffective Assistance of Counsel**

The Sixth Amendment to the U.S. Constitution guarantees that in all criminal prosecutions, the accused has the right to the assistance of counsel for his defense. See U.S. CONST. amend. VI. To state a claim of ineffective assistance of counsel in the context of a guilty plea, a petitioner must satisfy a two-pronged test. Strickland v. Washington, 466 U.S. 668, 686-87 (1984). First, a petitioner must show that the representation he received fell below an

objective standard of reasonableness.  Id. at 688.  The court must be "highly deferential" of counsel's performance and must make every effort to "eliminate the distorting effects of hindsight."  Id. at 689.  Therefore, the court must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."  Id.  For the second prong, a petitioner must show that he was prejudiced by the ineffective assistance by showing "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."  Hill v. Lockhart, 474 U.S. 52, 59 (1985).

As noted, Petitioner claims that his attorney provided ineffective assistance of counsel by: (1) not objecting to the failure of investigating officers to take pictures of the bag of crack cocaine that was found outside of the carwash bay, and (2) failing to investigate the background of each arresting officer to determine whether any of the officers had engaged in prior misconduct, which amounted to failing to inform Petitioner of the advantages and disadvantages of proceeding to trial.  (Doc. No. 1 at 5-8).  Petitioner also brings a claim for prosecutorial misconduct, claiming that the prosecution "had to have known" about the investigation of Monroe Police Department officers before his guilty plea and sentence.  (Doc. No. 1 at 9).

Petitioner's allegations center on his contention that Detective Daniel Stroud was involved in Petitioner's arrest and in handling evidence and filing paperwork for his case.  (Id.). Petitioner attaches an October 10, 2013, internet news article showing that Stroud was one of nine officers with the Monroe Police Department who were suspended for five days "for criminal cases that were dismissed because of incomplete investigations." (Id. at 11).  According to the article, the Union County District Attorney announced in September 2013 that he had to dismiss the cases because the officers did not "complete investigations or file necessary paperwork and evidence." (Id.).  Petitioner contends that Stroud was suspended for "tampering" with evidence,

4

but this contention is not supported by the article.  See (Id. at 6; 11).

**1. Petitioner's claim that counsel was ineffective for failing to challenge evidence based on the assertion that it was not photographed**

Petitioner first contends that his attorney should have objected to the officers' failure to take a picture of the bag of crack cocaine found near the carwash bay and that counsel should have filed a motion to suppress this evidence.  (Doc. No. 1 at 5-6).  He argues that this prejudiced him, but does not specify how.  (Id. at 6).

Petitioner does not contend that the evidence, which was found on the ground, was taken as the result of an unreasonable search and seizure.  The failure to photograph evidence does not establish a basis for suppressing such evidence.  Accordingly, he cannot show that his attorney was deficient for failing to file a motion to suppress on this basis.  Moreover, Petitioner has not adequately alleged prejudice, because he does not contend that he would not have pleaded guilty had counsel filed such a motion.  See Meyer v. Branker, 506 F.3d 358, 369 (4th Cir. 2007).  Nor would such an assertion be reasonable where there was no likelihood of success had such a motion been made.  See United States v. Fugit, 703 F.3d 248, 260 (4th Cir. 2012).  Because Petitioner has not shown deficient performance or prejudice, his first claim of ineffective assistance of counsel is denied.

**2. Petitioner's claim that counsel was ineffective for failing to investigate the background of the arresting officers**

Petitioner next argues that his counsel provided ineffective assistance by failing to investigate the background of each of the investigating officers to see whether they had engaged in police misconduct.  (Doc. No. 1 at 6-7).  Petitioner contends that if counsel had conducted such an investigation, counsel would have discovered Stroud's "illegal activities" and there is a

reasonable probability that Petitioner would not have pleaded guilty, but would have insisted on proceeding to trial. (Id.). Petitioner also asserts that if counsel knew of this information and failed to inform him, this also constituted ineffective assistance because counsel did not inform him of the advantages and disadvantages of pleading guilty. (Id. at 7). He contends that counsel's failures affected his substantial rights because if counsel had adequately investigated the officers handling the evidence in the case, as well as the CI, Petitioner would have had the "opportunity to impeach each witness on the stand at trial," which could have resulted in his acquittal or a mistrial. (Id. at 7-8).

Petitioner does not allege or show that the evidence and paperwork in his case was mishandled or that the drugs found were not his. Nor has he presented any evidence that the CI in this case was not reliable. Rather, he contends that he could have impeached the credibility of unnamed witnesses at trial based on the dismissal of charges in other cases. Petitioner presents no evidence showing that his counsel knew of the allegations against Stroud, or that an investigation of the arresting officers or the CI before Petitioner pleaded guilty would have uncovered any evidence of misconduct. Thus, he has not made a showing of deficient performance.

Additionally, his contention that his attorney did not adequately inform him of the advantages and disadvantages of pleading guilty is belied by his testimony at the plea hearing that he had sufficient time to discuss any possible defenses to the charges and that he was satisfied with the services of his attorney. (Crim. Case No. 3:12-cr-61-RJC-1, Doc. No. 39 at 11-12: Rule 11 Tr.); see United States v. Lemaster, 403 F.3d 216, 221-22 (4th Cir. 2005). Thus, Petitioner has not shown that counsel's performance fell below an objective standard of reasonableness. See Strickland, 466 U.S. at 687-88. Petitioner also has failed to establish

6

prejudice, because his contention that there is a reasonable probability that he would have proceeded to trial had counsel conducted such an investigation is not objectively reasonable. See Fugit, 703 F.3d at 260. By pleading guilty, Petitioner obtained the dismissal of two firearm charges, as well as the § 851 enhancement. Additionally, he received the benefit of a three-level reduction for acceptance of responsibility. This resulted in a substantial reduction in his sentence.[1] Given these circumstances, it would not have been objectively reasonable to proceed to trial based on speculation that Stroud would be called as a witness and that any impeachment of his testimony would have undercut the other evidence in the case. Because Petitioner has not shown deficient performance or prejudice, his second claim of ineffective assistance of counsel is denied.

**B. Petitioner's Claim of Prosecutorial Misconduct**

Petitioner next argues that the prosecution "had to have known" about the investigation of Monroe Police Department officers before his guilty plea and sentence. (Doc. No. 1 at 9). He contends that the Government had an obligation to disclose this information pursuant to Brady v. Maryland, 373 U.S. 83 (1963), and that if it had disclosed this evidence he "probably" would have proceeded to trial. (Doc. No. 1 at 8). To establish prosecutorial misconduct, Petitioner must demonstrate: (1) that the conduct of the United States was improper, and (2) that the improper conduct prejudicially affected his substantial rights so as to deprive him of a fair trial. See United States v. Mitchell, 1 F.3d 235, 240 (4th Cir. 1993). Petitioner's prosecutorial misconduct claim is without merit. There is no evidence that the Government knew about the

---

[1] Withdrawal of the § 851 enhancement alone resulted in a ten-year reduction in the applicable statutory maximum sentence, and the firearm counts that were dismissed by the Government carried minimum five and fifteen year sentences. See 18 U.S.C. §§ 924(c), (e).

7

investigation of the Monroe Police Department before Petitioner's guilty plea.[2] In any event, even if Petitioner's allegations are true, they do not establish prosecutorial misconduct because the Government is not obligated to disclose impeachment evidence before a guilty plea. See United States v. Ruiz, 536 U.S. 622, 629 (2002) (holding that "impeachment information is special in relation to the fairness of a trial, not in respect to whether is plea is voluntary"). Thus, he cannot show improper conduct. Because there was no improper conduct, Petitioner cannot show any impact on his substantial rights. Nor has Petitioner alleged or shown that his guilty plea was involuntary. Accordingly, because there is no evidence of prosecutorial misconduct, this claim is without merit.

### IV. CONCLUSION

For the foregoing reasons, the Court denies and dismisses Petitioner's § 2255 petition.

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255, (Doc. No. 1), is **DENIED** and **DISMISSED**.

2. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must

---

[2] Petitioner pled guilty on July 31, 2012, and he was sentenced on November 6, 2013. The news article cited by Petitioner about the investigation was published on October 10, 2013.

establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

3.

_____
Robert J. Conrad, Jr.
United States District Judge